## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

TERRY RAY JACKSON,

   Petitioner,

v.

JESSICA SYMMES, Warden,

   Respondent.

Civil No. 08-648 (JRT/SRN)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Docket No. 1.)  The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  As discussed more fully below, the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] because Petitioner was not "in custody" for the conviction at issue when he commenced this action.

## I. BACKGROUND

In November 1992, Petitioner was convicted in the State District Court for Hennepin County, Minnesota, on a charge of Attempted First Degree Criminal Sexual Conduct.  He was sentenced to 150 months in state prison.  (Petition, p. 1, ¶s 1-4.)

Petitioner did not file a direct appeal following his 1992 state court conviction.  (Id., ¶ 8.)  However, in 1994, Petitioner filed a post-conviction motion in the state trial court, claiming that (1) he had been denied effective assistance of counsel at trial, (2) the trial

---

[1]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

court erroneously admitted evidence of prior criminal conduct, and (3) he should not have received a sentence that exceeded the term provided by the applicable sentencing guidelines.  Plaintiff's post-conviction motion was denied, and that ruling was later upheld by the Minnesota Court of Appeals.  Jackson v. State, No. C0-94-1353 (Minn.App. 1995), 1995 WL 311745, (unpublished opinion), rev. denied, (Minn. August 30, 1995), [hereafter "Jackson I"].

In 2001, the State of Minnesota initiated civil commitment proceedings against Petitioner, seeking to have him committed as a "sexually dangerous person" under Minnesota law.  During the course of those proceedings, the victim of Petitioner's 1992 criminal sexual conduct offense recanted some of the testimony she had given during Petitioner's 1992 criminal case.  However, the civil commitment court found that the victim's recantation was not credible, and Petitioner was civilly committed as a sexually dangerous person.  In re Civil Commitment of Jackson, 658 N.W.2d 219 (Minn.App. 2003), rev. denied, (Minn. May 20, 2003).

In 2005, Petitioner filed another state post-conviction motion, claiming that his 1992 criminal conviction should be set aside because of the victim's recantation testimony during his civil commitment proceedings.  The trial court summarily denied the second post-conviction motion, and Petitioner then filed another appeal.  In December 2006, the Minnesota Court of Appeals affirmed the trial court's denial of Petitioner's second post-conviction motion.  Jackson v. State of Minnesota, No. A05-2364 (Minn. App. 2006), 2006 WL 3772212 (unpublished opinion), rev. denied, (Minn. March 20, 2007), [hereafter "Jackson II"].

2

On March 10, 2008, Petitioner filed his current federal habeas corpus petition. Petitioner is once again attempting to challenge his 1992 Minnesota criminal sexual conduct conviction. He claims that his conviction should be vacated based on the victim's recantation testimony during his civil commitment proceedings.

However, the Court notes that Petitioner's 150-month (12½-year) sentence, which was imposed in 1992, must have been fully served by sometime in 2005, (at the latest). Furthermore, the Court of Appeals' decision in <u>Jackson II</u> expressly confirms that, as of December 2006, Petitioner had already "served his criminal sentence." <u>Jackson II</u>, 2006 WL 3772212 at * 1. Thus, when Petitioner filed the present action, he was no longer in custody as a result of the conviction that he is now attempting to challenge. Because Petitioner was not in custody pursuant to the conviction at issue, this action must be summarily dismissed for lack of jurisdiction.[2]

## II. DISCUSSION

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only for persons who are '<u>in custody</u> in violation of the Constitution or laws or treaties of the United States.'" <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989) (<u>per curiam</u>), quoting 28 U.S.C. § 2254(a) (emphasis added by the Supreme Court).

---

[2] The Court recognizes that Petitioner is, in fact, in prison at this time. His petition shows that he is now incarcerated at the Minnesota Correctional Facility at Oak Park Heights, Minnesota. The current petition does not disclose the reason for Petitioner's present confinement. However, a website maintained by the Minnesota Department of Corrections shows that Petitioner is currently serving a sentence that was imposed in the Minnesota State District Court for Nicollet County, following a conviction for an assault that caused "great bodily harm." The website indicates that Petitioner was admitted to prison, to begin serving his present sentence, on March 13, 2003. This information further confirms that Petitioner is no longer serving his sentence for his 1992 conviction.

Furthermore, the Supreme Court has "interpreted the statutory language [of § 2254(a)] as requiring that the habeas petitioner be 'in custody' <u>under the conviction or sentence under attack at the time his petition is filed</u>." <u>Id</u>. at 490-91 (emphasis added).  Therefore, once a person has fully served a state prison sentence, he cannot thereafter seek federal habeas corpus review of that sentence, or the conviction that caused it.

When Petitioner filed his current petition, he was <u>not</u> in custody pursuant to the 1992 criminal sexual conduct conviction that he is now attempting to challenge.  It clearly appears that Petitioner's state prison sentence for that crime was fully served, and expired, several years ago.  Therefore, Petitioner cannot satisfy the "in custody" requirement imposed by 28 U.S.C. § 2254(a).  <u>See</u> <u>Maleng</u>, 490 U.S. at 491 ("[w]e have never held... that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has <u>fully expired</u> at the time his petition is filed") (emphasis in the original).  Because Petitioner was not serving the sentence imposed for his 1992 criminal sexual conduct conviction when he filed his current petition, this action must be summarily dismissed for lack of jurisdiction.  <u>Love v. Tippy</u>, 128 F.3d 1258, 1258 (8th Cir. 1997) (<u>per curiam</u>); <u>Charlton v. Morris</u>, 53 F.3d 929, 929 (8th Cir.) (<u>per</u> <u>curiam</u>), <u>cert</u>. <u>denied</u>, 516 U.S. 926 (1995); <u>Miles v. Maschener</u>, No. 98-2469 (8th Cir. 1999), 1999 WL 88938 (unpublished opinion).

The Court further notes that even if Petitioner could satisfy the jurisdictional "in custody" requirement, this action would have to be summarily dismissed pursuant to the one-year statute of limitations that applies to § 2254 habeas corpus petitions.  <u>See</u> 28 U.S.C. § 2244(d).

Because Petitioner did not file a direct appeal following his 1992 state criminal conviction, the federal habeas statute of limitations began to run in this case upon the expiration of the deadline for filing a direct appeal.  28 U.S.C. § 2244(d)(1)(A).  The Minnesota Rules of Criminal Procedure require that "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases...."  Rule 28.02, subd. 4(3).  Petitioner has indicated that his judgment of conviction was entered on November 12, 1992, (Petition, p. 1, ¶ 2), so the deadline for seeking direct appellate review expired on or about February 10, 1993, (90 days after the judgment of conviction).  Pursuant to § 2244(d)(1)(A), the one-year statute of limitations should have begun to run on that date.

However, the Eighth Circuit Court of Appeals has held that the limitations period imposed by § 2244(d)(1) never begins to run any earlier than the date when the statute was enacted, which was April 24, 1996.  Nichols v. Bowersox, 172 F.3d 1068, 1073 (8th Cir. 1999).  Therefore, even though petitioner's conviction became final, for purposes of § 2244(d)(1)(A), in 1993, the statute of limitations did not actually begin to run until April 24, 1996.  The statute of limitations expired one year later, on April 24, 1997.  Id.  See also, Ford v. Bowersox, 178 F.3d 522, 523 (8th Cir. 1999) ("[i]n applying § 2244(d)(1) to cases where, as here, the judgment became final before the enactment of AEDPA on April 24, 1996, this Court has adopted a one-year grace period, ending April 24, 1997, for the filing of habeas petitions").  Petitioner did not file his current petition, however, until March 2008, which was nearly eleven years after the limitations period had expired.

The Court recognizes that Petitioner's current habeas corpus claims are based on proffered "new evidence," namely the alleged recantation of the victim's testimony at

Petitioner's criminal trial.  New evidence can sometimes affect the computation of the federal habeas statute of limitations period.  <u>See</u> 28 U.S.C. § 2244(d)(1)(D) (statute of limitations does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence").  However, the "new evidence" in this case was known to Petitioner by May 2002 (at the latest), when the victim recanted her testimony from Petitioner's criminal case during a hearing in Petitioner's civil commitment case.  <u>Jackson II</u>, 2006 WL 3772212 at *1.  Yet Petitioner did not seek federal habeas relief based on the alleged new recantation evidence until March 2008, which was nearly six years after that evidence became available to Petitioner.

The Court also recognizes that the habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner properly commences a post-conviction action in state court.  The statute remains tolled during the entire period of time that such post-conviction proceedings continue to be pending in any state court, including the state appellate courts.  <u>Mills v. Norris</u>, 187 F.3d 881, 883-84 (8th Cir. 1999).

In this case, however, the tolling provisions of § 2244(d)(2) cannot aid Petitioner.  Even if the federal habeas statute of limitations did not begin to run until May 2002, when Petitioner's new recantation evidence became available to him, the one-year limitations period for seeking federal habeas corpus relief would have expired in May 2003.  However, Petitioner did not file his latest state post-conviction motion until June 2005.  <u>Jackson II</u>, 2006 WL 3772212 at *1.  Because the statute of limitations had already expired in May 2003, which was long before Petitioner's latest post-conviction motion was filed in June 2005, that post-conviction motion could not have tolled the statute pursuant to § 2244(d)(2).

Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"); see also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000).[3]  Thus, the Court finds that even if this action were not barred by the jurisdictional "in custody" requirement, the action would still have to be summarily dismissed because it is time-barred.

## III.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

This action be summarily dismissed for lack of jurisdiction.

Dated: March 14, 2008

   s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

---

[3]  Petitioner may believe that his latest state post-conviction actions did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitation period that did not begin to run until all of his post-conviction proceedings were complete.  That, however, is simply not the case.  As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

> "The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon.  Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition.  It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 (2244(d) "does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the... [statute of limitations] by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 531 U.S. 873 (2000).

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 31, 2008** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.